The evidence is proper, and ought to be received. This is an action of covenant. The jury are at liberty to give such damages as will do complete justice between the parties.
NOTE BY REPORTER — The act of 1783 declares at what rate the foreign coins there mentioned shall be estimated in our currency — a currency at that time only imaginary; we had no circulating medium of any kind. Since that time a paper money hath been emitted which also refers as to its value to this imaginary currency, the value of which is fixed, but only ascertainable by a comparison with the coined money of other nations. Our bills of credit, when issued, were intended to be a perfect representation of the value of this imagined currency; that is to say, eight shillings of these bills was intended to represent eight shillings of our currency, which by law was equal to one Spanish dollar; but these bills of credit, contrary to the expectation of the Legislature, depreciated immediately, and failed to answer the purpose expected from them. Eight shillings of these bills did not in fact represent eight shillings of our currency. The Legislature, however, built upon the expectation that these bills of credit would completely represent the same sum in our currency as they were issued for and in that belief directed it to be a tender in payment of debts. Thus far the law is positive, and must be obeyed; and, therefore, if on the day of payment the obligor or debtor will tender twenty shillings, for instance, of these bills in discharge of a real debt of twenty shillings in the currency of North Carolina, or two and a half dollars, *Page 165 
the creditor must either receive it, if the tender be made with all proper circumstances, or forego his interests and costs. This is an injustice which results from the positive directions of the act, (218) though it was not foreseen at the time when the act passed, but there is no part of the act that says the court in giving judgment may not take notice of the depreciation, and that the judgment is to be discharged in a currency degraded below its intended value; neither is there any law which says the court shall not increase the quantum of this degraded currency in the judgment they give till it becomes equal to that value which is represented by those $452. And where the court is not tied down by the express and positive directions of the Legislature the presumption is that the Legislature intended they should act so as to attain the real justice of the case before them. The true meaning of the act was that one Spanish milled dollar should not be deemed to be of greater value than eight shillings of our currency as estimated when and before the act passed; not that it shall be equal to eight shillings of paper money afterwards to be issued, and which would depreciate below its intended value. The many disputes that have arisen relative to the paper money now circulating seem to have originated from part of an act of the same session, declaring twenty shillings of this money to be equal to two and a half Spanish dollars, and that it should be a tender after that rate; hence it hath been inferred that as twenty shillings of this money is equal to two and a half dollars, and these equal to twenty shillings of the currency of North Carolina, as estimated at and before the session of 1783, that therefore each of them is equal to the other; and that is mathematically true; yet if two things are only equal to a third in some respects, and not in others, it cannot be affirmed that they are equal generally. Twenty shillings of the currency of North Carolina, were it in silver, coined by authority, would be a tender in discharge of a debt of two and one-half Spanish dollars, and as a bill of 20s. of the paper money now circulating would also be a tender in discharge of two and one-half Spanish dollars, it follows that as to the purposes of a tender they are equal, and have equal effects and consequences; but if we speak of value as applied to the assessment of damages, the case is far otherwise. One Spanish dollar is represented by 10s. of our paper money, and this dollar by 1783, ch. 4, represents 8s. of our currency as estimated at and before that session, and consequently was what was referred to by that act; and then apply the rule above mentioned, and it will make both the dollar and eight shillings of our currency equal to ten shillings of the paper money; and thus the law of 1783 has no influence upon the subject of assessing damages by a jury. It only operates in the case expressly pointed out by the act, where the debtor has made a tender, and then is only operative where the tender is made and pleaded his omnibus concurrentibus quae in jure requiruntur. As, therefore, the court and jury are not tied down by the act to any positive rule with respect to the assessment of damages, they should always be careful that the creditor shall have so much of the paper money as represents the real value of the contract sued upon. This answers the true meaning of the Legislature, which in former instances being misunderstood, hath exposed them to the imputation of enticing the citizens to the discharge of their debts with a less value than they engaged to pay; than which nothing was ever more untrue, nor any imputation more unmerited.
See Anonymous, post, 354. *Page 166